UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON M. PATRICK,

    Plaintiff,

v

CHEMETALL US, INC.,
a Delaware corporation,
CHEMETALL US LLC, a
Delaware limited liability company,
BASF CORPORATION, a Delaware
corporation,

    Defendants.

Case No.  2:26-cv-10438
Hon: Susan K. DeClerq
Magis. Judge Kimberly G. Altman

| | |
|---|---|
| James K. Fett (P39461)<br>Fett & Fields, P.C.<br>1186 Sarah Rd.<br>Pinckney, MI 48169<br>734-954-0100<br>Fax: 734-954-0762<br>jim@fettlaw.com<br>Attorney for Plaintiff | John P Lushnat (P751319)<br>Jeffrey A. Bove (P77763)<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, PLLC<br>*Attorneys for Defendant*<br>34977 Woodward Avenue, Suite 300<br>Birmingham, MI 48009<br>(248) 593-6400<br>Joshua.lushnat@ogletree.com<br>Jeffrey.bove@ogletree.com |

# <u>PLAINTIFF'S AMEDED COMPLAINT AND JURY DEMAND</u>

Plaintiff, through counsel, Fett & Fields, P.C., states the following claims

against Defendants:

## NATURE OF CLAIMS

1. This is a lawsuit seeking money damages for FMLA retaliation pursuant to the Family Medical Leave Act.

## JURISDICTION, PARTIES, AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331.

3. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

5. Defendant BASF Corporation is a Delaware corporation with its principal place of business in New Jersey.

6. Defendant Chemetall US LLC is a Delaware limited liability company with its principal place of business in New Providence, New Jersey.

7. Defendant Chemetall US, Inc., is a Delaware corporation.

8. Defendant BASF, on information and belief, purchased Chemetall Defendants in 2016.

9. On information and belief, BASF and Chemetall US LLC and/or Chemetall US, Inc., employed Plaintiff at its Jackson, Michigan location; both BASF Corporation and Chemetall US, Inc., issued her a W-2 for 2025; Defendant asserted

2

in its Answer that Chemetall US LLC was Plaintiff's employer.

10.    "Defendant" will refer to BASF, Chemetall U.S., Inc., and Chemetall US LLC.

## FACTS

11.    Plaintiff began working for Defendant on or about May 19, 2014, and most recently held the position of Customer Service Team Lead.

12.    Throughout her employment, Plaintiff consistently performed her job duties in an exemplary manner, receiving positive reviews and awards for her performance.

13.    In December 2023, Plaintiff was assigned additional responsibilities as an interim manager due to her strong performance and experience as Team Lead.

14.    Beginning in January 2025, Plaintiff supported a company-wide system change while also managing the customer service department, which was short five employees.

15.    This work was carried out with limited support from leadership and very little guidance, requiring her to shoulder responsibilities well beyond what would normally be expected of one person.

3

16.     From June 5, 2025, through July 7, 2025, Plaintiff took protected medical leave under the Family and Medical Leave Act (FMLA) for emergency surgery.

17.     During her medical leave, Plaintiff received inadequate communication from her direct manager, Lidia Martinez, and felt compelled to log into work remotely to ensure her team was properly supported, despite being on FMLA leave.

18.     Upon returning from FMLA leave in July 2025, Plaintiff observed that her work environment had changed and she was subjected to hostility from management.

19.     On or about July 31, 2025, the Company terminated Plaintiff's employment, asserting "unsatisfactory performance."

20.     Plaintiff's termination was in fact motivated by retaliation for exercising her rights under the FMLA.

## COUNT I
## FMLA RETALIATION

21.     Plaintiff incorporates by reference the preceding paragraphs.

22.     Plaintiff engaged in protected activity under the FMLA when she exercised her right to take FMLA leave.

23.     Defendant terminated Plaintiff because she exercised her rights under the FMLA.

24. Plaintiff's discharge on this basis violates the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

25. As a proximate result of Defendant's illegal conduct, Plaintiff has suffered, and will continue to suffer, emotional distress, especially outrage, lost opportunities, embarrassment and the physical manifestations of these injuries, as well as economic damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant for:

   a.   Economic damages;

   b.   Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

   c.   Costs, interest and reasonable attorneys' fees;

   d.   Liquidated damages against Defendant; and

   e.   Such other equitable relief as the Court deems just.

Respectfully submitted,

*/s/ James K. Fett*
By: James K. Fett (P39461)
Dated:  May 27, 2026                    Attorneys for Plaintiff

5

### JURY DEMAND

Plaintiff Sharon Patrick, through counsel, demands trial by jury.

Respectfully submitted,

*/s/ James K. Fett*
By: James K. Fett (P39461)
Dated:  May 27, 2026          Attorneys for Plaintiff

6